784 So.2d 19 (2001)
STATE of Louisiana
v.
Edith SANDERS.
No. 00-KA-1369.
Court of Appeal of Louisiana, Fifth Circuit.
February 28, 2001.
*21 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Thomas S. Block, Assistant District Attorneys, Gretna, Louisiana, for plaintiff/appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, Louisiana, for defendant/appellant.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY and JAMES C. GULOTTA, Pro Tempore.
GOTHARD, Judge.
Defendant, Edith Sanders, pled guilty to two counts of knowingly or intentionally distributing a controlled dangerous substance, to wit: cocaine, in violation of La. R.S. 40:967, and was sentenced to five years of imprisonment at hard labor on each count, with the sentences to run concurrently. The state subsequently filed a multiple offender bill of information. The trial court found defendant to be a second felony offender, vacated the original sentences and sentenced defendant to 15 years of imprisonment at hard labor.
In this appeal, defendant appeals her adjudication as a second felony offender. She alleges that the trial court erred in finding her a multiple offender because the state failed to comply with the requirements set forth in LSAR.S. 15:529.1, and failed to present proper proof of a previous conviction. Defendant claims three errors were made during the multiple offender hearing: (1) the fingerprints on the arrest register failed to establish a valid conviction of defendant; (2) the sentencing range was not stated in the prior Boykin[1] examination; and, (3) error patent was committed when the court improperly accepted an Alford[2] plea without a factual basis.
The state filed a bill of information alleging defendant to be a second felony offender. Although defendant did not file a written response challenging the validity of her prior guilty plea as required by LSA-R.S. 15:529.1(D)(1)(b), she did orally object at the multiple offender hearing to the failure of the court in the previous conviction to advise defendant of the sentencing range, and to the state's inability to link the arrest register and the bill of information in case number 88-251. Defendant did not orally object to the court improperly accepting the prior Alford plea without a sufficient factual basis. Therefore, because defendant objected orally to the first two issues, defendant has preserved those for appellate review. State v. Radacker, 98-434 (La.App. 5 Cir. 11/25/98), 722 So.2d 1093, 1095, writ denied, 99-0031 (La.4/30/99), 741 So.2d 11, reconsideration denied, 99-0031 (La.6/4/99), 743 So.2d 1248; State v. Richmond, 98-1015 (La.App. 5 Cir. 3/10/99), 734 So.2d 33, 36-37. However, defendant has not preserved for review her claim that the prior plea was inadequate under Alford.
In State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 684-685, this court set forth the method to be used to prove that a defendant is an habitual offender:

*22 To prove that a defendant is an habitual offender, the State must establish by competent evidence the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. State v. Chaney, 423 So.2d 1092, 1103 (La.1982); State v. Bailey, 97-302 (La.App. 5 Cir. 4/28/98), 713 So.2d 588, 610, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. The State may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings or photographs contained in a duly authenticated record. State v. Bailey, 713 So.2d at 610; State v. Brown, 514 So.2d 99, 106 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988). The State must further show that the prior convictions fall within the ten year cleansing period prescribed by La.R.S. 15:529.1(C); Bailey, 713 So.2d at 610.
Where a prior conviction resulted from a guilty plea, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to the guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Shelton, 621 So.2d 769 (La.1993); State v. Bailey, 713 So.2d at 610. If defendant denies the allegations of the bill of information, the State has the burden of proving the existence of the prior guilty pleas and that defendant was represented by counsel. Shelton, 621 So.2d at 779; Bailey, 713 So.2d at 610. Once the State meets this burden, defendant must produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. Shelton, 621 So.2d at 779; Bailey, 713 So.2d at 610. Thereafter, the State must prove the constitutionality of the plea. Shelton, 621 So.2d at 779; Bailey, 713 So.2d at 610.
In proving the constitutionality of the plea, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. Shelton, 621 So.2d at 780. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary. Shelton, 621 So.2d at 780.
Here, defendant argues that the fingerprints on the arrest register related to case number 88-251 failed to establish a valid conviction. The state presented the testimony of Virgil McKenzie of the Jefferson Parish Sheriff's Office, who was qualified as a fingerprint expert. McKenzie testified that he took defendant's fingerprints prior to the multiple offender hearing. During McKenzie's testimony, the state introduced a certified copy of the bill of information related to case number 99-2164 charging defendant with two counts of distribution of cocaine. McKenzie testified that the fingerprints he took from defendant in state's exhibit 1 matched the fingerprints on the bill of information in state's exhibit 2.
The state introduced certified copies of the bill of information, plea of guilty form, commitment and minute entry relating to case number 88-251. These documents show that Edith Sanders pled guilty to purse snatching and simple battery. The state introduced a certified copy of an arrest register from the Jefferson Parish Sheriffs Office related to case number 88-251 pertaining to the November 13, 1987 arrest of Edith Sanders for simple robbery *23 and aggravated burglary. McKenzie testified that the fingerprints he took from defendant in state's exhibit 1 matched the fingerprints on the arrest register in state's exhibit 3. The arrest register and the bill of information contained the same item number, date of offense, type of offense, and name of victim and, therefore, the state linked the arrest register to the bill of information.
Testimony comparing a defendant's current fingerprints with those found on prior arrest records is sufficient to prove that defendant was the person convicted of a prior felony. State v. Bell, 97-1134 (La. App. 5 Cir. 2/25/98), 709 So.2d 921, 926, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477. Accordingly, we find that the state presented sufficient evidence to prove that defendant was convicted of purse snatching and simple battery in case number 88-251.
Defendant next argues that the trial court erred by allowing the state to use the waiver of rights form and the minute entry related to case number 88-251 to adjudicate defendant a second felony offender, because the form and the minute entry did not indicate that she was informed or questioned about her exposure in sentencing. Defendant claims that neither the waiver of rights form, nor the minute entry, completely set forth a knowing and intelligent waiver of rights as required by Boykin, supra, and Shelton, supra.
Where a prior conviction resulted from a guilty plea, the state must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to the guilty plea. If the defendant denies the allegations of the bill of information, the state has the burden of proving the existence of the prior guilty pleas and that defendant was represented by counsel. In the present case, defendant did not admit or deny the allegations in the bill of information; however, a multiple offender hearing was held where the state introduced sufficient evidence to prove the existence of the prior guilty plea in case number 88-251 and that defendant was represented by counsel. This evidence satisfied the state's initial burden under Shelton, supra. Once the state met this burden, defendant was required to produce some affirmative evidence of an infringement of her rights or of a procedural irregularity. In the instant case, defendant attempted to meet this burden by stating that there was an irregularity in the waiver of rights form in that it did not inform defendant about sentencing.
In the case of State v. Perkins, 99-1109 (La.App. 5 Cir. 4/25/00), 762 So.2d 67,73, rehearing on other grounds, the court noted that:
Advice with respect to the defendant's sentencing exposure has never formed part of the Louisiana Supreme Court's core Boykin requirements for the entry of a presumptively valid guilty plea in any case. Such advice was not mandated by statute until the institution of LSAC.Cr.P. art. 556.1, added by Acts 1997, No. 1061 Sec. 1, effective date, August 15, 1998. Because the trial courts were not required by statute to advise Perkins of his sentencing exposure at the time of the taking of the pleas, he has failed to present affirmative evidence of any procedural irregularity which would have warranted the shift of the burden of proof to the state.
In the instant case, the waiver of rights form shows that defendant pled guilty to the predicate offense on June 22, 1988. The statute requiring the advisal of sentencing exposure did not become effective until August 15, 1998. Accordingly, neither *24 statutory nor jurisprudential law required the trial court to inform the defendant of his maximum sentencing exposure. Moreover, the waiver of rights form indicates that the trial court informed defendant that the maximum sentence she could receive was ten and one-half years.
We therefore find that the trial court did not err in adjudicating defendant a second offender.
The record was reviewed for errors patent, according to LSAC.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
In our review of the record, we found error patent in the habitual offender proceeding which requires us to vacate the sentence and remand for resentencing.
In sentencing the defendant, after finding her to be a second felony offender, the trial court stated that "the previous sentence is hereby vacated. The defendant is now sentenced to serve fifteen (15) years at hard labor with the Department of Corrections, with credit for time served." The trial court did not specify for which count the sentence was being enhanced. Only one count of a multi-count indictment/information can be used to enhance the penalty pursuant to La.R.S. 15:529.1 when the convictions were entered on the same day. State v. Stack, 97-1176 (La.App. 5 Cir. 4/15/98), 710 So.2d 841; State v. Brown, 95-124 (La.App. 5 Cir. 5/30/95), 656 So.2d 1070. Therefore, the defendant's enhanced sentence must be vacated and the case remanded for re-sentencing.
For the above reasons the defendant's convictions and the adjudication as a multiple offender are affirmed. The enhanced sentence is vacated and the matter is remanded to the trial court for further proceedings.
AFFIRMED IN PART, VACATED IN PART AND REMANDED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).