831 So.2d 455 (2002)
STATE of Louisiana
v.
Griffin PERKINS.
No. 02-KA-502.
Court of Appeal of Louisiana, Fifth Circuit.
October 29, 2002.
*456 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Kia M. Habisreitinger, William C. Credo, Assistant District Attorneys, Gretna, LA, for the State.
Frank Sloan, Covington, LA, for defendant-appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
In this case defendant, Griffin Perkins, appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
On November 24, 1997, Agent Ron Seals of the Jefferson Parish Sheriff's Office was working undercover in the Avondale area of Jefferson Parish purchasing narcotics from street sellers. Agent Seals was driving an unmarked police car equipped with a video camera. During this operation, Agent Seals stopped at a corner store located at U.S. 90 and Glendella Drive. While Agent Seals was stopped, he asked defendant if he had a "twenty." Defendant told Agent Seals that he could get some if the agent would drive to his house. When the agent refused, the defendant walked away to talk to two men who were in a nearby car. Defendant returned with an off-white, rock-like object that he sold to the agent for $20.00. The next day, November 25, 1997, Agent Seals was again making undercover narcotics purchases in *457 a camera-equipped car. On that day, Agent Seals purchased another rock of crack cocaine from defendant for $20.00. Immediately after each of the above transactions took place, Agent Seals gave the rock-like objects and the video tapes of the transaction to Agent Wilkie Declouet of the Jefferson Parish Sheriff's Office. After viewing a photographic lineup prepared by Agent Declouet, Agent Seals identified defendant as the person who sold him the crack cocaine. He also positively identified defendant at trial. According to Charles Krone, the expert in forensic chemistry, each of the rock-like objects tested positive for the presence of cocaine. Mr. Krone also testified that each object weighed less than one-tenth of a gram.
Defendant proceeded to trial on two counts of distribution of cocaine on October 16, 2001. He did not present any testimony at trial. The twelve-person jury returned a verdict of guilty as charged the next day. On January 10, 2002 after denying defendants motions for post-verdict judgment of acquittal and new trial, the judge imposed concurrent sentences of thirty years at hard labor on each count. Defendant orally objected to the sentence, and made an oral motion to reconsider sentence, which the trial judge denied. The trial judge granted the defendants motion for appeal.

DISCUSSION
Defendants sole assignment on appeal is that his thirty-year sentence for distributing cocaine is excessive. The State responds that the sentence is appropriate, considering that the defendants criminal history would have supported an enhanced sentence of life imprisonment as a third felony offender. As pointed out by the State in its appellee brief, the defendant objected to the sentence as excessive when it was imposed, but did not argue any particular basis for the objection. Nevertheless, this Court has recognized that a statement challenging a sentence as excessive without setting forth specific grounds preserves a review of the sentence for constitutional excessiveness. See, State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 581.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Williams, 98-1146 (La.App. 5 Cir. 6/1/99), 738 So.2d 640, 655, writ denied, 99-1984 (La.1/7/00), 752 So.2d 176.
Three factors are considered in reviewing a trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id. at 64.
At the time defendant committed the instant offenses in 1997, the penalty for distributing cocaine was imprisonment at hard labor for not less than five years or more than thirty years, with the first five years of the sentence to be served without benefit of parole, probation, or suspension of sentence. Additionally, a fine of not more than fifty thousand dollars, ($50,000.00) *458 may also be imposed. LSA R.S. 40:967B(4)(b).[1]
At the sentencing hearing the trial judge gave with the following reasons:

THE COURT:
All right. Mr. Perkins, on October 17th of the year 2001, you were found guilty by a jury of twelve persons, of the charges of distribution of cocaine, and a second count of distribution of cocaine. And in accordance with that finding of guilt, at this time, given the fact that you are not a stranger to this system, that you have had previous records of criminal activity, I am not inclined to be lenient.
Therefore, I am sentencing you to thirty years at hard labor on each count, and ordering that the sentences run concurrent.
In support of his argument that this sentence is excessive, defendant asserts that the sentence is unwarranted, considering that he only distributed less than a gram of cocaine on two occasions. Under certain circumstances, courts have set aside sentences for distribution of cocaine as excessive. However, these cases generally involve not only small amounts of cocaine, but other mitigating factors as well. See State v. Gordon, 444 So.2d 1188 (La. 1984), and State v. Cook, 598 So.2d 423 (La.App. 5 Cir.1992). On the other hand, lengthy sentences have been upheld when the defendant has a serious criminal history. See State v. George, 34,621 (La.App. 2 Cir. 4/4/01), 785 So.2d 975.
The record of the defendants previous appeal is lodged as an exhibit with the present appeal. (00-KA-9). That record reflects that defendant was found to be a third felony offender after pleading guilty to manslaughter in 1982 and to possession of cocaine in 1992. Exhibits from the first multiple offender hearing indicate that defendant was charged with second degree murder. The charge was amended to manslaughter, defendant pled guilty to the amended charge on June 5, 1982, and was sentenced to seven years at hard labor. Exhibits from the prior multiple offender hearing also reflect that defendant was charged with possessing cocaine on September 19, 1991, and pled guilty as charged on March 12, 1992. Defendant was sentenced to one year at hard labor, to be served concurrently with a sentence in another case. Five years later, in 1997, defendant committed the instant offenses.
Under these circumstances, the trial judge did not abuse his discretion by imposing concurrent, thirty-year sentences. Prior criminal activity is one factor to be considered by the trial judge when sentencing a defendant and is not limited to prior convictions. State v. Washington, 414 So.2d 313, 315 (La.1982); State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219. Although the amount of cocaine involved in this case is relatively small, less than one tenth of a gram, defendant's behavior demonstrates a propensity toward criminal activity. Further, the record does not contain evidence of mitigating factors sufficient to compel a lesser sentence. Although defendant asserts that he deserves a lesser sentence because of his mental condition, the trial judge obviously concluded that the thirty-year sentences were justified because of defendants criminal history. The *459 instant record does not reflect whether or not the State intends to seek enhancement of the defendants sentence. However, if the State had successfully proved that defendant was a third felony offender at a multiple bill hearing, Mr. Perkins could have faced a much lengthier sentence. When reviewing a sentence, the question is not whether another sentence would have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133. Under the present circumstances, the trial judge did not abuse his discretion in sentencing the defendant.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The trial judge failed to specify that the first five years of defendants sentences would be without benefit of parole, probation, or suspension of sentence, as required by LSA R.S. 40:967B(4)(b). According to LSA R.S. 15:301.1 and State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 800-801, which interprets that statute, the sentence is deemed to contain these restrictions, as provided by Paragraphs A and C of that article:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
. . . .
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions. (Emphasis added).
Based on the foregoing, no action is required to address the trial courts failure to specify that the first five years of the sentence should be served without benefit of parole, probation or suspension of sentence. See also, State v. Esteen, 01-879 (La.App. 5 Cir. 5/15/02), 821 So.2d 60. Additionally, the record reveals that the trial judge failed to advise the defendant of the prescriptive period for filing post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8. In the past, this Court has remanded the matter and instructed the trial court to send appropriate written notice to defendant of prescriptive period for post-conviction relief, and to file written proof in the record that defendant received the notice within ten days of the rendering of the opinion. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973.
Finally, it is noted that the transcript for October 16, 2001 reflects that the trial judge denied the defendants motion to suppress identification, whereas the corresponding minute entry does not. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d *460 732, 734 (La.1983); State v. Haynes, 96-84 (La.App. 5 Cir. 5/25/96), 676 So.2d 1120, 1123.

CONCLUSION
Based on the foregoing, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] This section was amended in 2001 to reduce the mandatory minimum sentence to two years without benefit of parole, probation, or suspension of sentence. See Acts 2001, No. 403, 4, effective June 15, 2001. Section 6 of Act 403 states that "[t]he provisions of this Act shall only have prospective effect." In State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, the Louisiana Supreme Court confirmed the prospective nature of Act 403.