| .MARION F. EDWARDS, Judge.
This is defendant Edith Sanders’ second appeal. In this Court’s previous opinion[1] we stated the case as follows:
Defendant, Edith Sanders, pled guilty to two counts of knowingly or intentionally distributing a controlled dangerous substance, to wit: cocaine, in violation of La. R.S. 40:967, and was sentenced to five years of imprisonment at hard labor on each count, with the sentences to run concurrently. The state subsequently filed a multiple offender bill of information. The trial court found defendant to be a second felony offender, vacated the original sentences and sentenced defendant to 15 years of imprisonment at hard labor.
In this appeal, defendant appeals her adjudication as a second felony offender. She alleges that the trial court erred in finding her a multiple offender because the state failed to comply with the requirements set forth in LSA-R.S. 15:529.1, and failed to present proper proof of a previous conviction. Defendant claims three errors were made during the multiple offender hearing: (1) the fingerprints on the arrest register failed to establish a valid conviction of defendant; (2) the sentencing range was not stated in the prior Boykin examination; and, (3) error patent was committed when the court improperly accepted an Alford plea without a factual basis.
(Footnotes omitted.)
|3On appeal, this Court affirmed Sanders’ convictions and multiple offender adjudication, and found error patent in the habitual offender proceeding. We were thus required to vacate the sentence and remand for resentencing.[2]
On September 20, 2001, the trial court vacated the sentence on Count 1 and re-sentenced Sanders to imprisonment at hard labor for 15 years on the multiple bill. This sentence was to run concurrently with the five-year sentence on Count 2, without benefit of parole, probation, or suspension of sentence. Sanders filed a motion for appeal on September 25, 2001. Apparently, no action was taken on the appeal because no order was attached to the motion. On March 13, 2003, a letter and an order from defendant were filed into the record, and the appeal was granted.
In the present case, defense counsel has filed a brief that follows the procedure approved by the United States Supreme *591 Court in these cases.[3] Here, in applying the Anders procedure, letters were sent from the Clerk of this Court advising Sanders that she should file a supplemental brief, complying with Rule 2-12 of the Uniform Rules of Louisiana Courts of Appeal, with this Court by July 16, 2003. Sanders filed her supplemental brief on July 14, 2003.
Regarding these Anders rules and procedure, the Supreme Court has stated that the brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial but must also provide ... a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.[4]
In her pro se brief, Sanders avers that the trial court erred when it sentenced her with the stipulation that she be denied the benefit of parole.
|4The sentence, as imposed, provides that all 15 years are to be served without benefit of parole, probation, or suspension of sentence. However, LSA-R.S. 40:967(B)(4)(b) requires that only the first five years of the sentence are to be without benefit of parole, probation, or suspension of sentence. In addition, LSA-R.S. 15:529.1(G) provides that the sentence is to be without benefit of probation or suspension of sentence and does not prohibit parole.
According to LSA-R.S. 15:301.1,[5] the sentence is deemed to contain these restrictions, as provided by Paragraphs A and C of that article:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
[[Image here]]
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
Based on the foregoing, no action is required to address the trial court’s failure to specify that the first five years of the sentence should be served without benefit of parole.[6]
*592 Sanders has raised three other issues in her brief pertaining to the multiple bill hearing:
(1) The Trial Court erred by adjudicating her a second felony offender when the State relied on a 1988 conviction for a violation which was not considered a crime of violence when it occurred in 1987.
| ¡¡(2) The Trial Court violated the Ex Post Facto law when it found her to be a second felony offender and sentenced accordingly.
(3) The Trial Court erred when it adjudicated her as a second felony offender when the State failed to show prima facie evidence of the discharge date of the predicate offense and subsequent sentence.
Procedurally, these issues are not properly before this Court in this appeal. Following the original appeal, we affirmed defendant’s convictions and multiple offender adjudication and remanded the case only for resentencing.[7] Since the above assignments do not concern the resentenc-ing, we affirm the sentences imposed by the trial court.[8]
We have conducted an independent review of the record, appellate counsel’s and Sanders’ briefs, we find that the procedural history of the case and evidence presented at trial was adequately reviewed as required by the Supreme Court, and we find no non-frivolous issues that would arguably support an appeal.
This Court performed an error patent review of the original record in this case at the time of Sanders’ first appeal, so she is only entitled to an error patent review of the record on resentencing.[9] Our review reveals that the only error patent pertained to parole eligibility as discussed above.
Based on the foregoing, we find that counsel has complied with Anders and is entitled to withdraw from the case. We grant her motion to withdraw. Sanders’ sentence is affirmed.
AFFIRMED.

. State v. Sanders, 00-1369 (La.App. 5 Cir. 2/28/01), 784 So.2d 19, 21

. Id. at 24.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), rehg denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990), and adopted in State v. Bradford, 95-929, 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.

. State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241. See also, State v. Mouton, 95-0981 (La.1995), 653 So.2d 1176.

. Also see State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, 800-801.

. See State v. Perkins, 02-502 (La.App. 5 Cir. 10/29/02), 831 So.2d 455, 459.

. State v. Sanders, 00-1369 (La.App. 5 Cir. 2/28/01), 784 So.2d 19.

. See, LSA-C.Cr.P. art. 922; State v. Gassen-berger, 02-658 (La.App. 5 Cir. 12/11/02), 836 So.2d 271.

.State v. Taylor, 01-452 (La.App. 5 Cir. 1/14/01), 802 So.2d 779, 783, writ denied, 01-3326 (La. 1/10/03), 834 So.2d 426.