STEWART, J.
Ijfhe defendant, Freddie Ray Lewis, was convicted of four counts of distribution of Schedule II, Controlled Dangerous Substance (CDS), in violation of La. R.S. 40:967. He was sentenced to 20 years’ imprisonment at hard labor on each count. The defendant now appeals. For the reasons set forth below, we affirm the defendant’s conviction and sentence.
FACTS
The defendant sold crack cocaine to Lewis Smith, an undercover agent with the Bossier City Police Department’s special investigations narcotic unit, on four separate occasions between October 1, 2005 and November 18, 2005.
The defendant was subsequently charged with four counts of distribution of Schedule II, CDS, on January 12, 2006. The defendant waived arraignment and entered a plea of not guilty. After a trial by jury, the defendant was found guilty on all four counts. On November 27, 2007, the trial court sentenced the defendant to 20 years’ imprisonment at hard labor on each count to be served concurrently, with two years of the sentence to be served by the defendant without benefit of probation, parole, or suspension.
The defendant timely filed a motion to reconsider sentence, citing excessiveness of sentence. This motion was denied. The defendant now appeals.
|2LAW and discussion

Sufficiency of the Evidence

In the defendant’s first assignment of error, he contends that the evidence was insufficient to convict him of any crime because he was not properly identified in court. The defendant also argues that there was no evidence to support the testimony of the state’s sole witness, Lewis Smith.
*668 When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v.Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proven beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App 2 Cir. 4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
Under the Jackson v. Virginia standard, we review the record in the light most favorable to the prosecution to determine whether the evidence was sufficient to convince any rational trier of fact that all the essential elements of the crime had been proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This | ^standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Parker, 42,311 (La. App.2d Cir.8/15/07), 963 So.2d 497; State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, units denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
|/The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, unit denied, 2002-3090 (La.11/14/03), 858 So.2d 422. The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Casey, 99-0023 (La.1/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
Positive identification by only one witness may be sufficient to support a *669 defendant’s conviction. State v. Youngblood, 41,976 (La.App.2d Cir.5/9/07), 957 So.2d 305; State v. Davis, 27,961 (La.App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Miller, 561 So.2d 892 (La.App. 2d Cir.), writ denied, 566 So.2d 983 (1990). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Wiltcher, 41,981 (La.App.2d Cir.5/9/07), 956 So.2d 769; State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, unit denied, 2006-1083 (La.11/9/06), 941 So.2d 35. This is applicable to the testimony of undercover drug agents. State v. Anderson, 30,306 (La.App.2d Cir.1/21/98), 706 So.2d 598. Such testimony alone is sufficient even where the Rstate does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. State v. Ponsell, 33,543 (La.App. 2 Cir. 8/23/00), 766 So.2d 678.
The record reflects that the undercover agent, Lewis Smith, positively identified the defendant as the person from whom Smith had purchased crack cocaine. On October 1, 2005, the defendant resided at 401 Edwards Street in Bossier City, Louisiana. On that date, the defendant allowed Smith into his residence. Smith met the defendant through a confidential informant, and the confidential informant directed Smith to the defendant’s residence.
The defendant identified himself to Smith as “Old School.” The defendant led Smith to the kitchen, where they sat at the kitchen table, and the defendant smoked crack cocaine. A female in the residence referred the defendant as “Freddie.”
During the first visit on October 1, 2005, the defendant sold Smith $40.00 worth of crack cocaine. Smith testified that the defendant sold him $30.00 worth of crack cocaine October 12, 2005. The defendant sold a quantity of crack cocaine to Smith a third time on November 9, 2005. Finally, the defendant sold crack cocaine to Smith a fourth time on November 18, 2005. During all of Smith’s visits to the defendant’s residence, Smith had lengthy conversations with the defendant, ranging from 15 minutes to 40 minutes.
After leaving the defendant’s residence on each occasion, Smith testified that he had placed the purchased substance into a plastic narcotics | (¡bag, which he sealed and labeled with the date, time, identification of the defendant as “Freddie LNU a/k/a Old School,” and identification of himself as the recovering agent. Smith then deposited each bag in the evidence locker at the Bossier City Police Department. The crime lab’s analysis verified that the substance sold by the defendant to Smith contained cocaine.
The record thus contains sufficient evidence of the defendant’s identity. The risk of misidentification is absent in this case, because Smith had the opportunity to meet with the defendant on four different occasions. The state negated any reasonable probability of misidentification, meeting the standard set forth by Jackson v. Virginia, supra.
No evidence was presented by the defendant or by the state that conflicted with either the identification testimony or the testimony as to defendant’s criminal acts. In the absence of contradictory evidence, the testimony of Lewis Smith was sufficient to support the jury’s conclusion that the defendant had been properly identified and that the defendant had sold crack cocaine to Smith. Therefore, this assignment of error has no merit.

*670
Excessiveness of the Sentence

In his second assignment of error, the defendant contends that the trial court failed to give sufficient consideration to mitigating factors in fashioning a sentence. More specifically, the defendant asserts that three factors should have been considered as mitigating: that the defendant did not cause serious bodily harm to anyone; that although the defendant had a |7substantial arrest record, he had few convictions; and defendant’s age. The defense argues that the maximum sentence which could have been imposed was 30 years, and that, in light of the mitigating factors, the defendant’s 20-year sentence was excessive.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37-442 (La.App.2d Cir.8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the ^defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, unit denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, the determination of whether the sentence imposed is too severe is contingent upon the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The record shows that the trial court specifically considered aggravating and mitigating circumstances pursuant to La. C. Cr. P. art. 894.1 and tailored the sentence to this offender and the instant offense. The presentence investigation re *671 port reviewed by the trial court gave a clear indication that the background of the defendant and the circumstances of the case supported the 20-year sentence.
li)The trial court noted that the defendant’s criminal history was significant, beginning as early as 1971, and that the defendant was before the trial court on his third felony conviction. The trial court recognized the defendant’s failure to give any type of statement to the person who prepared the presentence investigation report, the defendant’s failure to show any remorse, and the fact that, in multiple motions, the defendant had maintained his innocence. The trial court also found that there was undue risk that the defendant would commit another crime during a period of suspended sentence or probation and that the defendant was in need of correctional treatment or custodial environment that would most effectively be provided by commitment to an institution.
The trial court sentenced the defendant to 20-years’ imprisonment at hard labor at the Louisiana Department of Corrections on each of the four counts, to be served concurrently, of which two years are to be served by the defendant without benefit of probation, parole, or suspension. The court stated that any lesser sentence would deprecate the seriousness of the defendant’s crime.
With regard to the second part of the analysis, La. R.S. 40:967(B)(4)(b) allows for a maximum sentence of 30 years’ imprisonment at hard labor for a single count of distribution of a Schedule II CDS. The trial court imposed a sentence of 10 years less than the maximum allowed by the statute on each count, and ruled that the sentences run concurrently, after pointing out that it would have been within the court’s right to mandate that the sentences run consecutively. The trial court thus imposed a |1flsentence that was considerably more lenient than the maximum allowable by statute, as conceivably the court could have imposed a sentence of 30-years imprisonment at hard labor on each count and ruled that the sentences run consecutively.
In the context of the societal harm created through the repeated distribution of crack cocaine, a sentence of 20-years imprisonment is not grossly disproportionate; it does not shock the conscience, and was not in violation of La. Const, art 1, § 20. The imposition of the 20-year sentence at hard labor was not grossly out of proportion to the severity of the crime and the defendant’s criminal history. Finding no manifest abuse of discretion, this court may not set aside the sentence as excessive. This assignment is therefore without merit.

Pro se Brief

The defendant also filed a pro se brief, urging five assignments of error.
In his first assignment of error, the defendant urges that an unlawful entry, unreasonable search, false arrest, false imprisonment, and warrantless search were committed in the instant case. The defendant contends that he was “falsely arrested” because he was not served with a warrant at the time he was arrested. La. C. Cr. P. art. 213 provides in pertinent part:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemean- or, it must be made immediately or on close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of officer;
*672 |n(3) The peace officer has reasonable cause believe that the person to be arrested has committed an offense, although not in the presence of the officer.
The defendant was arrested after selling crack cocaine to an undercover agent on four separate occasions. Pursuant to La. C. Cr. P. art. 213, the officers who arrested the defendant were not required to have a warrant. This assignment is without merit.
In the second assignment of error, the defendant argues that he was denied his right to counsel, due process and a 72-hour hearing. In this assignment, the defendant asserts for a second time that he was not served with a warrant. The defendant also contends that he was denied due process because he was not provided with counsel when charged or when his bond was set. Finally, he argues that the hearing that took place was inadequate because it took place in cramped, dark quarters with only the judge present and no transcript was made.
As stated in the previous assignment, a warrant was not required in the instant case. La. C. Cr. P. art. 213. The defendant does not have a constitutional right to counsel prior to being charged. The Sixth Amendment right to counsel does not attach until after the initiation of formal charges when the adversarial judicial criminal proceedings begin, whether by formal charge, preliminary hearing, indictment, information, or arraignment. State v. Montejo, 2006-1807 (La.1/16/08), 974 So.2d 1238. The defendant’s argument with regard to the conditions of the 72-hour hearing location is not legally cognizable. The record reflects that the defendant was | ^consistently represented by counsel. Therefore, this assignment bears no merit.
In the third assignment of error, the defendant asserts that he was denied his right to a fair trial and due process. More specifically, the defendant argues that counsel for the defendant, Mary Jackson, had not been appointed as counsel and did not have the proper authority to waive arraignment. He further argues that, had arraignment taken place, the issue of the absence of a warrant and subsequent unlawful nature of the defendant’s arrest and imprisonment would have been addressed.
The record, which contains the court minutes, reflects that the defendant was referred to the Indigent Defender Board and that Mary Jackson with the Indigent Defendant Board was counsel for the defendant. The defendant’s argument about the absence of a warrant has been addressed in the previous two arguments. The assignment has no merit.
In his fourth assignment of error, the defendant contends that he was denied due process because his pro se motion to suppress was denied. He argues that the trial court denied this right “due to bias and obstruction of justice.” Additionally, the defendant argues that Agent Smith’s testimony should have been suppressed due to police misconduct. The records fails to contain any facts which would support these assertions. Therefore, this assignment has no merit.
In the defendant’s fifth and final assignment of error, he argues that he was denied his right to a speedy trial and that the trial court issued a prohibited charge to the jury. More specifically, the defendant argues that | isthe state’s evidence is insufficient because 22 months had elapsed between the defendant’s arrest and trial, thereby creating a presumption of unreliability of the testimony of Lewis Smith.
La. C. Cr. P. art. 578(A)(2) states in pertinent part:
*673 A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(2) In other felony cases after two years from the date of institution of the prosecution; ...
The defendant was charged on January 12, 2006. The trial commenced on September 13, 2007. The defendant’s trial clearly commenced within the statutory limits.
La. C. Cr. P. art. 801(C) states:
C. A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefore shall be stated at the time of the objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
The record does not reflect that the defendant objected to the charge before the jury retired or “within such time as the court may reasonably cure the alleged error.” Due to the fact that the defendant failed to properly preserve this assignment of error for review, it cannot now be asserted on appeal.
La. C. Cr. P. art. 806 states:
The court shall not charge the jury concerning the facts of the case and shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the | ^ testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
In the instant case, the charge given to the jury did not contain any reference to or opinion concerning any of the facts in the case. The charge was not in violation of the applicable law. This assignment is without merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.