GREG G. GUIDRY, Judge.
1 ¿Defendant, Brandon Johnson, appeals from his guilty plea convictions for second degree kidnapping and armed robbery and his sentence on each offense to 15 years at hard labor, to be served without benefit of parole, probation or suspension of sentence and concurrently. For the reasons which follow, we affirm.
On June 23, 2006, the Jefferson Parish District Attorney’s Office charged the Defendant and a co-defendant, Ephraim G. Jenkins, with second degree kidnapping, a violation of La. R.S. 14:44.1, and in a second count with armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3.[1] At his arraignment, the Defendant pled not guilty. The Defendant filed an omnibus |smotion that included a motion to suppress the confession, identification, and physical evidence.[2]
On August 14, 2006, the Defendant withdrew his not guilty pleas on both counts, and pled guilty to second degree kidnapping and armed robbery. His attorney stated that the plea was being “entered under the Alford and Crosby cases.”[3] After the Defendant waived sentencing delays, the trial judge sentenced the Defendant, as per the plea agreement, on each count to fifteen years at hard labor, to be served without benefit of parole, probation, or suspension of sentence and concurrently. The Defendant made an oral motion for appeal, followed by a timely written motion.[4]
*19 Because the Defendant pled guilty, there are no facts included in the record of this case. However, the bill of information does allege that, on May 13, 2005, the Defendant and co-defendant kidnapped Brian Deemer and robbed him while using a firearm.
At the outset we note that the Defendant has no right to appeal. A guilty plea under Crosby preserves for the Defendant the right to appeal any adverse pre-trial rulings specified at the time of the plea. The Defendant did not specify any rulings. The Supreme Court has held that a defendant’s failure to specify which pre-trial ruling he desires to contest on appeal may limit the scope of appellate review but does not necessarily preclude review altogether. State v. Joseph, 03-0315, pp. 1-2 (La.5/16/03), 847 So.2d 1196, 1196-97. “An appellate court should | ¿presume that the trial court permitted a Crosby reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas, i.e., to preserve review of evidentiary rulings which ‘go to the heart of the prosecution’s case’ that a defendant would otherwise waive by entering an unqualified guilty plea.” Id. at 1-2, 847 So.2d at 1196-97. However, in this case, there were no pre-trial rulings. Thus, there was nothing to reserve for appellate review. State v. Gaspard, 01-1042 (La.App. 5 Cir. 5/29/02), 820 So.2d 1095.
It is well settled under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof by appeal. State v. Crosby, 338 So.2d 584, 588 (La.1976). No jurisdictional defects have been asserted on appeal. Thus, based on the procedural posture of the case at the time the Defendant entered his plea, there was nothing reserved for appellate review and no ap-pealable issue asserted.
Furthermore, we note from the record that the Defendant did not object to the State’s failure to present a factual basis for the charged offenses during the plea proceedings or to the trial court’s acceptance or the plea without it. This Court has held that the defendant’s failure to object in such a case resulted in a waiver of review of the claim by this Court. State v. Sanders, 00-1369, p. 3 (La.App. 5 Cir. 2/28/01), 784 So.2d 19, 21. Therefore, we find the Defendant has no viable issues for appeal.
Nevertheless, having reviewed the case, we found no error in the acceptance of the guilty plea by the trial court without presentation of a factual basis by the prosecution. Although defense counsel stated that the plea was being entered under Alford and the Defendant “has not admitted that he is guilty,” neither defense counsel nor the Defendant asserted during the plea colloquy, or in brief here, that the Defendant was innocent of the crimes. This is essential for an Alford | golea. State v. Oman, 97-2089 (La.1/9/98), 704 So.2d 245 (per curiam). Thus we find, in accord with Orman, that, rather than an Alford plea, Defendant entered the equivalent of a nolo contendere plea which, unlike a plea accompanied by a claim of innocence, does not put the trial court on notice that it must ascertain a factual basis. A nolo contendere plea does not require the trial court to resolve the inherent conflict between the waiver of trial and a claim of innocence. Orman, 97-2089 at 1 (La.1/9/98), 704 So.2d at 245 (per curiam). For a nolo contendere plea to be valid, the trial judge only had to ensure that it was knowing and voluntary.
During the plea, the trial court advised the Defendant of his Boykin rights as well as his right to appeal and asked the *20 Defendant if he understood he was giving up these rights by pleading guilty. The Defendant answered that he understood. The Defendant also answered that he was satisfied with his attorney’s representation and that he had not been promised anything in return for the plea. Further, considering that the sentencing exposure for armed robbery is 15 to 99 years at hard labor, without benefit of parole, probation or suspension of sentence, and five to 40 years at hard labor on the second degree kidnapping charge, we find the record supports the conclusion that the Defendant’s agreement to plead guilty for the imposed concurrent sentences of 15 years at hard labor without benefit, the minimum sentence allowed by law, was knowing and voluntary. Therefore, based on the record before us, we find no error in the trial court’s acceptance of the Defendant’s guilty plea.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one error patent in this case.
| f;The sentencing hearing transcript indicates that the trial judge informed the Defendant that he had, “two years from the date that the sentence becomes final, to file post-conviction relief applications.” In addition, the defendant’s “Waiver of Constitutional Rights Plea of Guilty” form states, “any PosWConviction relief application must be filed within two (2) years of the date of this plea.
La.C.Cr.P. art. 930.8(A) states that a defendant has two years after the judgment of conviction and sentence has become final to file for post-conviction relief. This Court has previously held that the failure to accurately advise a defendant that the prescriptive period runs from the time his conviction and sentence become final renders the advisement incomplete. State v. Lauff, 06-717, p. 12 (La.App. 5 Cir.2007), 953 So.2d 813, 821. Therefore, we must remand the case to the district court to inform the Defendant of the correct prescriptive period for filing an application for post-conviction relief as set out in La.C.Cr.P. art. 930.8. The trial court is ordered to send appropriate written notice to the Defendant after the rendition of this Court’s opinion and to file written proof in the record that the Defendant received the notice. Id.
Accordingly, the Defendant’s guilty plea convictions, to second degree kidnapping and armed robbery, and his sentence on each count, to 15 years at hard labor, to be served without benefit of parole, probation or suspension of sentence and concurrently, are affirmed. The case is remanded to the district court to provide proof in the record of the Defendant’s receipt of appropriate notice of the prescriptive period for post-conviction relief as provided in La. C.Cr.P. art. 930.8.

AFFIRMED AND REMANDED.

. The original bill of information in this matter was filed on August 3, 2005, in case number 05-4699, naming only the Defendant. That case was subsequently dismissed and then refiled under the current number, 06-3308, naming both defendants. The pleadings in 05-4699 were transferred to the current case.

. The recoi'd does not show that the trial court ever ruled on Defendant's motions. Defendant waived all pending motions when he pled guilty without raising the issue that the motions had not yet been ruled on. See State v. Fletcher, 02-707 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03-409 (La. 10/10/03), 855 So.2d 334.

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Crosby, 338 So.2d 584 (La. 1976).

. Although the trial judge allowed the Defendant to enter his guilty pleas under Crosby, the Defendant did not challenge any specific adverse ruling by the trial court and, in fact, there were none.