NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-898

STATE OF LOUISIANA

VERSUS

CLAYTON JAMES CLARK

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 75992-F
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

SENTENCE AFFIRMED AS AMENDED;
REMANDED WITH INSTRUCTIONS.

**Christopher Brent Coreil**
**District Attorney, 13th JDC**
**Julhelene E. Jackson**
**Assistant District Attorney**
**P. O. Drawer 780**
**Ville Platte, LA 70586**
**(337) 363-3438**
**Counsel for State-Appellee:**
**State of Louisiana**

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant-Appellant:**
**Clayton James Clark**

**PICKETT, J.**

## FACTS

On March, 2008, the defendant sold crack cocaine to an undercover agent in Ville Platte, Louisiana.

The defendant, Clayton James Clark, entered a plea of not guilty to distribution of crack cocaine, in violation of La.R.S. 40:967; possession of crack cocaine, in violation of La.R.S. 40:967; possession of drug paraphernalia, in violation of La.R.S. 40:1023; and possession of Darvocet, in violation of La.R.S. 40:969, on May 8, 2008. A bill of information charging him with the same was filed on May 14, 2008.

The defendant entered a plea of guilty on March 2, 2009, to distribution of crack cocaine and the remaining charges were dismissed. On May 14, 2009, the defendant was sentenced to serve twenty years at hard labor with the first five years of the sentence to be served without diminution of sentence. A Motion to Reconsider Sentence was filed on May 22, 2009. The motion was denied on May 29, 2009.

A Motion for Appeal was filed on June 16, 2009, and subsequently granted. The defendant is now before this court asserting two assignments of error. Therein, the defendant contends his sentence is excessive and the trial court failed to particularize his sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

The trial court erroneously denied the defendant eligibility for diminution of sentence. The transcript of sentencing indicates the trial court stated: "The court

1

therefore imposes a sentence of twenty years at hard labor with the first five to be served without diminution of sentence."

Louisiana Code of Criminal Procedure Article 894.1(D)(1) requires the trial court to advise the defendant, immediately following the imposition of a felony sentence, "[w]hether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior." In *State v. Narcisse*, 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, the supreme court stated the following regarding a trial court's authority to deny eligibility for diminution of sentence:

> [A] trial judge lacks authority under La.R.S. 15:573.1(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La. 1/6/96), 666 So.2d 661. Moreover, even the Department of Corrections lacks that authority under La.R.S. 15:571.3(C) in a case in which the trial court has not formally adjudicated and sentenced the defendant as a multiple offender under the provisions of La.R.S. 15:529.1. When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

*Id.* at 699.[1]

Louisiana Code of Criminal Procedure Article 890.1 grants the trial court discretion to deny or place conditions on the defendant's eligibility for diminution of

---

[1] Staff submits that the supreme court's reference to La.R.S. 15:573.1(C) was a misstatement as that article addresses communications with the Board of Pardons.

sentence when the defendant is convicted of or pleads guilty to a crime of violence. The offense involved in the present case is not a crime of violence. Accordingly, the trial court erred in denying eligibility for diminution of sentence and the defendant's sentence is be amended to delete that portion of the sentence. The district court is instructed to make an entry in the minutes reflecting this amendment.

## ASSIGNMENTS OF ERROR NOS. 1 & 2:

In his first assignment of error, the defendant contends the trial court erred in imposing an unconstitutionally excessive sentence for this non-violent offender suffering from a lifelong drug problem. In his second assignment of error, the defendant contends the trial court failed to particularize his sentence. As these two assignments of error pertain to the defendant's sentence, we will address them collectively.

In brief to this court, the defendant asserts the trial court sentenced him to twenty years because he had six prior felony convictions and was still dealing drugs. The defendant notes that defense counsel informed the trial court that the defendant had a long-term drug addiction. The defendant further asserts the trial court should have seriously considered his addiction and the possibility of treatment when fashioning his sentence. The defendant goes on to note that there was no evidence in the record that the offense at issue caused harm to society. Additionally, the defendant asserts he tried to rehabilitate himself, but the trial court did not credit him for his efforts. The defendant further notes he took responsibility for his actions by entering a guilty plea. He asserts the mitigating factors should have served to reduce his sentence.

The defendant did not raise the trial court's failure to fully consider mitigating

3

factors or to particularize his sentence at the sentencing hearing or in his motion to reconsider sentence. Accordingly, these arguments cannot be raised for the first time on appeal. *See* La.Code Crim.P. art. 881.1(E); Uniform Rules—Courts of Appeal, Rule 1-3; *State v. Hebert*, 08-542, p. 3 (La.App. 3 Cir. 11/5/08), 996 So.2d 688, 960. Thus, we will not consider the defendant's first assignment of error. However, we will review the defendant's second assignment of error because, in his motion to reconsider sentence, he alleged his sentence was excessive.

> To constitute an excessive sentence, the penalty must be grossly disproportionate to the severity of the crime or be nothing more than needless imposition of pain and suffering. *State v. Howard*, 414 So.2d 1210 (La.1982). Additionally, the trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *Id*. Thus, the question before this court is not whether imposition of another sentence would be more appropriate, but whether the trial court abused its discretion. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Lee*, 08-456, pp. 6-7 (La.App. 3 Cir. 11/5/08), 996 So.2d 1217, 1221-22.

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The defendant pled guilty to distribution of crack cocaine, which is punishable by imprisonment at hard labor for two to thirty years with the first two years of the sentence to be served without benefit of probation, parole, or suspension of sentence. The court may also impose a fine of not more than $50,000. La.R.S. 40:967. The defendant was sentenced to serve twenty years at hard labor. No fine was imposed.

4

At the sentencing hearing, the defendant informed the trial court that on March 23, 2009, he had been arrested for possession of stolen goods and theft under twenty dollars, which constituted a violation of his probation.

When imposing the defendant's sentence, the trial court stated:

> Alright. The Court is called upon to sentence the defendant, Mr. Clayton Clark, who pled guilty to the crime of Distribution of Schedule II, CDS, Crack Cocaine. In arriving at a sentence, the Court has carefully considered the criminal records check provided by the Department of Corrections, the mitigating information provided on behalf of the defendant, and all of the sentencing guidelines of Louisiana Code of Criminal Procedure Article 894.1. It is noted for the record that the defendant failed to keep his appointment for a pre-sentence investigation which prevented a pre-sentence report to be provided to the Court. Specifically, the Court considered the fact that the defendant has an extensive criminal record containing at least six prior felony convictions prior to the present charge. In addition, four of the previous convictions were drug related. Obviously, Mr. Clark has not learned from his previous sentences and, despite his recent attempts to show improvement and rehabilitation prior to this sentencing, the Court is not convinced that he has changed. Mr. Clark is in need of additional correctional treatment and a custodial environment provided by his commitment to a penal institution.

In *State v. Perkins*, 02-502 (La.App. 5 Cir. 10/29/02), 831 So.2d 455, *writ denied*, 02-3173 (La. 9/26/03), 854 So.2d 348, the defendant was sentenced to thirty years at hard labor on each of two counts of distribution of crack cocaine and the sentences were ordered to run concurrently. The fifth circuit found the sentences were not excessive in light of the fact that the defendant had three prior felony convictions.

In *State v. Lewis*, 43,769 (La.App. 2 Cir. 12/10/08), 1 So.3d 665, the defendant was convicted of four counts of distribution of cocaine and sentenced to twenty years at hard labor on each count, to be served concurrently. The second circuit noted the defendant was before the court for his third felony conviction and found that his sentences were not excessive.

5

Based on the cases cited herein and the fact that three accompanying charges were dismissed and the defendant has six prior felony convictions, we find the trial court did not abuse its discretion when imposing a sentence of twenty years. The defendant's first assignment of error lacks merit and his sentence is affirmed.

## CONCLUSION

The defendant's sentence is affirmed. However, the portion of the sentence in which the trial court ordered the first five years of the defendant's sentence to be served without eligibility for diminution of sentence is amended to delete that portion of the sentence. The district court should be instructed to make an entry in the minutes reflecting this amendment.

**SENTENCE AFFIRMED AS AMENDED;
REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.