760 So.2d 1260 (2000)
STATE of Louisiana
v.
Donald K. MAY.
No. 00-KA-43.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 2000.
J. Rodney Baum, Baton Rouge, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Quentin P. Kelly, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS and THOMAS C. WICKER, Jr., Pro Tempore.
DALEY, Judge.
D.M. was charged with sexual battery in violation of LSA-R.S. 14:43.1, and aggravated incest, in violation of LSA-R.S. 14:78.1. He entered a plea of not guilty and filed various pretrial motions, including a *1261 Motion to Suppress a statement he gave to police prior to being arrested. The Motion to Suppress was denied. D.M. pled guilty to both charges. He was sentenced to four years on each count, to be served consecutively. He has timely filed this appeal.

FACTS:
D.M.'s six year old daughter told her teacher she had touched D.M.'s penis and that D.M. tried to insert his penis into her vagina. Personnel from the Office of Child Services, accompanied by deputies from the Jefferson Parish Sheriffs Office, went to the defendant's home to investigate. After speaking to D.M.'s daughter the deputies asked D.M. to go to the Detectives's Bureau to give a statement. D.M. complied. D.M.'s Motion to Suppress this statement was denied by the trial court. On the morning of trial, after being properly Boykinized, D.M. entered two separate guilty pleas to each count.

DISCUSSION:
On appeal, D.M. has raised one Assignment of Error, claiming the trial court erred by failing to grant his Motion to Suppress. However, the defendant pled guilty to the charged offenses, without reserving his right to appeal any adverse rulings. A guilty plea normally waives all nonjurisdictional defects in the proceedings prior to entry of the guilty plea, and precludes review of such defects either by appeal or post conviction relief. State v. Davis, 97-850 (La.App. 5 Cir. 2/11/98), 708 So.2d 1121. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case under State v. Crosby, 338 So.2d 584 (La.1976). There is nothing in the record to indicate that the defendant reserved his right to appeal the denial of his Motion to Suppress. In fact, during the plea colloquy the defendant agreed that he understood that if he pled guilty, he was giving up the right to assert on appeal any "allegations of defect, such as an illegal arrest, and illegal search and seizure, an illegal confession...." Thus, we find the defendant did not reserve the right to appeal the denial of the Motion to Suppress the statement. Therefore, he is not entitled to raise this issue on appeal, and his convictions are final.
We have reviewed this record for errors patent in accordance with Louisiana Code of Criminal Procedure Article 920, and have noted one error.
The defendant's commitment found in the record indicates the defendant's sentences on both charges are to be served without benefit of probation, parole, or suspension of sentence. However, a review of the transcript reveals that only the sentence for sexual battery was to be served without benefits. The transcript is in accordance with the statutory provisions, which require a sentence, upon a conviction of sexual battery, LSA-R.S. 14:43.1, to be served without benefits. A sentence upon a conviction of aggravated incest, LSA-R.S. 14:78.1, is not required to be served without benefits. In State v. Lynch, 441 So.2d 732, 734 (La.1983), the Louisiana Supreme Court held that when "there is a discrepancy between the minutes and the transcript, the transcript must prevail." Therefore, we amend the minute entry and commitment to reflect the sentence for aggravated incest to be as imposed by the trial judge, with benefits. See, State v. Dereyna, 99-614 (La.App. 5 Cir. 11/10/99), 750 So.2d 215; State v. Houston, 94-592 (La.App. 5 Cir. 12/14/94), 648 So.2d 948, 950.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.