WALTER J. ROTHSCHILD, Judge.
 

 |POn August 25, 2006, the Jefferson Parish District Attorney filed a bill of information charging Defendant, Daryl Turner, with Possession with Intent to Distribute Cocaine in violation of LSA-R.S. dOiOGTlA).
 
 [1]
 
 Defendant pled not guilty at arraignment on October :I1, 2006.
 

 Defendant filed a Motion to Suppress Evidence, which was granted on May 16, 2007. The State applied for supervisory writs, seeking review of the trial court’s ruling. This Court reversed the trial court’s ruling on the motion to suppress on July 6, 2007. Defendant filed a writ application with the Louisiana Supreme Court, which was denied on October 26, 2007.
 

 On November 15, 2007, Defendant withdrew his not guilty plea, entered a plea of guilty to a reduced charge of possession of cocaine in violation of LSA-jR.S. 40:967(0,3 and signed a'Waiver of Constitutional Rights form.
 
 [2]
 
 The State filed a multiple offender bill of information on the same day, to which Defendant entered a plea of guilty as a third felony offender. In accordance with his plea agreement, pursuant to which he would be sentenced on the multiple bill as to the possession of cocaine charge, Defendant was sentenced to eight years imprisonment at hard labor, without benefit of probation or suspension of sentence.
 
 [3]
 

 On February 3, 2009, Defendant filed a Motion to Modify Sentence. The district court denied Defendant’s motion on February 11, 2009, on the grounds that (1) pursuant to LSA-C.Cr.P. art. 881, a sentence
 
 *457
 
 cannot be amended once the defendant has begun serving the sentence, (2) Defendant was not entitled to seek review of a sentence imposed in conformity with a plea agreement, pursuant to LSA-C.Cr.P. art. 881.2(A)(2), and (3) under LSA-C.Cr.P. art. 881, the trial court can only amend a felony sentence which is ordered without hard labor.
 

 Defendant subsequently filed an Application for Post Conviction Relief (APCR) requesting an out-of-time appeal on the grounds that the time for obtaining an appeal as a matter of right had elapsed. The district court granted Defendant’s motion for an out-of-time appeal on July 27, 2009, and dismissed his APCR without prejudice. Appellate counsel timely filed a brief in this Court, and Defendant filed a supplemental
 
 pro se
 
 brief which was stamped as untimely by the Clerk of this Court. Nevertheless, finding no grounds for reversal, we hereby affirm defendant’s conviction and sentence.
 

 1 ¿FACTS
 

 Because Defendant entered a guilty plea without proceeding to trial, the facts of this case are taken from the bill of information which provides that on August 13, 2006, in violation of LSA-R.S. 40:967(A), Defendant knowingly and intentionally possessed, with intent to distribute, cocaine.
 

 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [4]
 
 appointed appellate counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. The State concurs with appellate counsel’s assessment that there are no non-frivolous issues for appeal.
 

 DISCUSSION
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.
 
 [5]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that |ficounseI should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin,
 
 Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demon
 
 *458
 
 strate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, she can find no non-frivolous issues to raise on appeal. Counsel first notes that Defendant pled guilty in the case and received a negotiated sentence on his underlying charges, as well as on the multiple offender charge. Counsel further |finotes that by pleading guilty, Defendant has waived his right to challenge the sufficiency of the evidence to support his conviction. However, counsel contends that the facts adduced during the hearing on the motion to suppress, as well as Defendant’s admission during his plea, were sufficient to establish the elements of a violation of LSA-R.S. 40:967(C). Counsel further notes that the trial court fully explained the rights that Defendant was giving up by pleading guilty.
 

 With regard to Defendant’s sentence, appellate counsel notes that the district court explained the specific sentence it would impose if Defendant entered a guilty plea, and that Defendant entered into a negotiated plea involving a specific sentence on the underlying charge and on the multiple offender charge. Appellate counsel asserts that Defendant cannot seek review of his sentence because LSA-C.Cr.P. art. 881.2 prohibits a defendant from appealing or seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 

 Appellate counsel has filed a motion to withdraw as attorney of record which states that she notified Defendant of the filing of this motion and advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent Defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until February 18, 2010, to file a pro se supplemental brief. Defendant filed a
 
 pro se
 
 supplemental brief in this matter on April 5, 2010, which was stamped as untimely in accordance with URCA Rule 2-13 by this Court’s Clerk’s Office.
 
 [6]
 

 The State filed a response to appellate counsel’s brief, noting that the brief shows a complete and thorough recitation of the procedural history of the case, as 17well as a detailed statement of facts pertinent to the conviction with citations to the record
 
 *459
 
 to assist the appellate court. The State contends that counsel has “cast an advocate’s eye” over the record and found no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm Defendant’s conviction and sentence.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 We find that the bill of information in this case properly charged Defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged, and cites the statute Defendant violated. It also sufficiently identifies Defendant and the crime charged.
 
 See
 
 generally LSA-C.Cr.P. arts. 464-66.
 

 As reflected by the minute entries and commitment, Defendant appeared' at each stage of the proceedings against him. He appeared at his arraignment, guilty plea and sentencing. As such, Defendant’s presence does not present any issues which would support an appeal.
 

 The multiple offender bill of information also properly charged Defendant, therefore presenting no non-frivolous issues supporting an appeal. Defendant appeared at each stage of the proceedings on the multiple bill. As such, Defendant’s presence at the multiple bill proceedings does not present any issues which would support an appeal.
 

 Further, Defendant pled guilty to a reduced charge of possession of cocaine in violation of LSA-R.S. 40:967(C), and signed a Waiver of Constitutional Rights. Defendant also pled guilty as a third felony offender to the multiple offender bill of information. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes | sreview of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, pp. 5-6 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 665.
 

 Additionally, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the
 
 Boykin
 

 [7]
 

 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 Id.
 
 In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984).
 

 The record shows that Defendant was aware he was pleading guilty to possession of cocaine and also that he was pleading guilty on the multiple offender bill of information as a third felony offender. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by
 
 Boykin,
 
 on both the possession of cocaine charge and with regard to the multiple offender bill. Defendant was advised of these rights by means of the Waiver of Constitutional Rights Plea of Guilty form (waiver of rights form). In the waiver of rights form, Defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. Defendant was also advised of these rights dur
 
 *460
 
 ing the colloquy with the trial court in which the court separately advised Defendant of his rights with regard to his guilty pleas on both the possession of cocaine charge and the multiple offender bill. Defendant indicated during the colloquy that he understood that he was waiving these rights.
 

 | ^Defendant further indicated that he was satisfied with the representation of his attorney. He also stated that he had not been forced, coerced, or threatened to enter his guilty plea.
 

 Defendant was advised that he faced a maximum sentence of five years at hard labor and/or a fine of up to $5,000 on the possession of cocaine charge. During the colloquy, he was informed that the sentence was to be served at hard labor. Defendant was further advised that, if the court accepted his plea agreement, he would be sentenced on the multiple bill as to the possession of cocaine charge to eight years at hard labor, without benefit of probation or suspension of sentence.
 
 [8]
 
 On the waiver of rights form, Defendant also indicated that he understood that he would be sentenced to eight years at hard labor at the Department of Corrections and signed the form, indicating that he understood his sentence and his status as a third felony offender.
 

 Finally, Defendant’s sentence does not present an issue for appeal. Defendant’s sentence falls within the sentencing range prescribed by statute.
 
 See
 
 LSA-R.S. 40:967(C); LSA-R.S. 15:529.1. Further, LSA-C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sen-fence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. As noted above, Defendant was informed that he would receive an eight year sentence on the multiple bill as to the possession of cocaine charge prior to entering his guilty plea. He indicated his understanding of the sentence, both in [10court and on his waiver of rights form. Based on the foregoing, the proceedings surrounding Defendant’s guilty plea and sentence do not present any non-frivolous issues to be raised on appeal.
 

 We therefore conclude that appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and we find that an independent review of the record supports counsel’s assertion. Although the supplemental
 
 pro se
 
 brief filed1 by Defendant has been stamped as untimely, we have nevertheless reviewed the arguments raised therein and find them to be without merit.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER ONE
 

 Illegal Search and Seizure: Police officer did not have reasonable suspicion to arrest him, did not have probable cause to support a lawful arrest, [sic]
 

 Constitutional Violation: The seizure is invalid and violated Mr. Daryl Turner’s] Constitutional Rights [sic] nder the 4th Amendment USCA.
 

 
 *461
 

 DISCUSSION
 

 Both of these assignments are arguments based on the same issues and will be considered together. Defendant argues that the evidence against him was seized pursuant to an unlawful arrest and an illegal search.
 

 However, as Defendant entered an unqualified guilty plea, he gave up the right to assert on appeal any allegations of defect, such as illegal arrest or illegal search and seizure.
 
 State v. Johnson,
 
 08-449, p. 4 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19,
 
 writ denied,
 
 09-0787 (La.12/18/09), 23 So.3d 932.
 

 As previously noted, Defendant filed a Motion to Suppress Evidence arguing that the physical evidence intended for use against Defendant was unlawfully seized. Defendant’s motion to suppress was initially granted by the trial court. |„ The State applied for supervisory writs, and this Court reversed the trial court’s ruling on the motion to suppress. Defendant filed a writ application with the Louisiana Supreme Court, which was denied on October 26, 2007. Defendant subsequently withdrew his not guilty plea and entered a plea of guilty to possession of cocaine. At the time of his guilty plea, Defendant did not reserve his right to appeal the ruling on his motion to suppress evidence.
 

 An unqualified plea of guilty waives all nonjurisdictional defects in the proceedings prior to entry of the guilty plea, and precludes review of such defects either by appeal or post conviction relief.
 
 Johnson, supra,
 
 08-449 at 4, 3 So.3d at 19 (citing
 
 State v. Crosby,
 
 338 So.2d 584, 588 (La.1976));
 
 see also Wingerter,
 
 05-697 at pp. 5-6, 926 So.2d at 665;
 
 see also State v. May,
 
 00-43 (La.App. 5 Cir. 5/17/00), 760 So.2d 1260, 1261 (citing
 
 State v. Davis,
 
 97-850 (La.App. 5 Cir. 2/11/98), 708 So.2d 1121). A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case under Crosby.
 
 May,
 
 760 So.2d at 1261. There is nothing in the record to show that the defendant reserved his right to appeal the denial of his motion to suppress.
 

 Accordingly, because Defendant has not reserved the right to appeal the denial of the motion to suppress, the
 
 pro se
 
 assignments lack merit.
 

 ERROR PATENT DISCUSSION
 

 Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The following matter was discovered.
 

 |12There is a discrepancy between the commitment and the transcript regarding the citation of the underlying charge. Although the commitment indicates that Defendant pled guilty to possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A), the record clearly evidences that the charge was amended on November 15, 2007, to possession of cocaine in violation of LSA-R.S. 40:967(C), and that Defendant pled guilty to this reduced charge.
 

 Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). We therefore order that the commitment be corrected to reflect that Defendant pled guilty to possession of cocaine in violation of LSA-R.S. 40:967(C) so as to maintain consistency with the trial transcript. We further instruct the trial judge to direct the Clerk of Court to transmit the revised commitment to the Secretary of the De
 
 *462
 
 partment of Corrections in the same manner as the original commitment was transmitted and instruct the Department of Corrections to provide Defendant with a copy of the revised commitment.
 
 See State v. Parks,
 
 07-655, p. 20 (La.App. 5 Cir. 1/22/08), 977 So.2d 1015, 1029.
 

 DECREE
 

 Accordingly, for the reasons assigned herein, the conviction and sentence of Defendant, Daryl Turner, are affirmed. The trial court is hereby instructed to correct the commitment in accordance with our findings in this opinion. In addition, appellate counsel’s motion to withdraw is hereby granted.
 

 CONVICTION AND SENTENCE AFFIRMED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . On August 25, 2006, the Jefferson Parish District Attorney filed a separate bill of information charging Defendant with Possession of Marijuana in violation of LSA-R.S. 40:966(C) in case number 06-4510.
 

 [2]
 

 . At the same time, Defendant withdrew his former not guilty pleas in two other pending cases (case numbers 06-4510 and 07-1002), both for possession of marijuana, and entered pleas of guilty as charged.
 

 [3]
 

 .Defendant was also sentenced to six months in Parish Prison for each of the two counts of possession of marijuana in case numbers 06-4510 and 07-1002, with credit for time served, to run concurrently with each other.
 

 [4]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [5]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [6]
 

 . Defendant was granted an extension to file a pro se supplemental brief. Defendant's pro se brief was due on March 29, 2010, but not filed until April 5, 2010. The certificate of service indicates that it was mailed on March 27, 2010, but the postmark date is April 5, 2010. It appears from the Jackson, MS return address and postmark location that the brief was mailed by one of Defendant’s family members on April 5, 2010.
 

 [7]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [8]
 

 . It is noted that although Defendant had not been sentenced on the underlying conviction before the trial court imposed the enhanced sentence, the trial court’s failure to sentence Defendant before imposing an enhanced sentence does not present a problem because LSA-R.S. 15:529.1(D)(3) provides that the "court shall sentence him [Defendant] to the punishment prescribed in this Section, and shall vacate the previous sentence
 
 if already imposed
 
 ...” (emphasis added).
 
 See State v. Sanders,
 
 97-892, p. 3 (La.App. 5 Cir. 3/25/98), 717 So.2d 234, 236, n. 2,
 
 writ denied,
 
 98-1163 (La.9/25/98), 724 So.2d 774;
 
 see also State v. Hills,
 
 98-0507, p. 8 (La.App. 4 Cir. 1/20/99), 727 So.2d 1215, 1218.