EDWARDS, JUDGE PRO TEMPORE, J.
*567 Defendant, Antoine Green, appeals his convictions and sentences for forcible rape and aggravated burglary. For the reasons that follow, we affirm defendant's convictions and sentences and grant appellate counsel's motion to withdraw as counsel of record for defendant.
PROCEDURAL HISTORY
On January 14, 2016, a Jefferson Parish Grand Jury returned A True Bill indicting defendant, Antoine Green, for aggravated rape of a juvenile in violation of La. R.S. 14:42 (Count 1), and aggravated burglary in violation of La. 14:60 (Count 2). Defendant pled not guilty to both charges on January 26, 2016. On August 24, 2016, following a competency hearing, defendant was found competent to stand trial. On March 7, 2017, the State amended Count 1 of the True Bill to forcible rape. On that same date, defendant pled guilty to both counts of the amended True Bill and was sentenced to 20 years at hard labor for each count, with the sentences to run concurrently. On December 20, 2017, defendant was granted an out-of-time appeal.
SUMMARY OF FACTS
Because defendant's conviction was the result of a guilty plea, the facts underlying the crime of conviction are not fully developed in the record. However, at the time of defendant's guilty plea and sentence, the State provided the following factual basis:
THE STATE:
Your Honor, if the State of Louisiana were to proceed to trial against Antoine Green, the State would prove, beyond a reasonable doubt, that on or about July 10th of 2015, within the Parish of Jefferson, the Defendant violated Louisiana Revised Statute 14:42.1 and that he did commit Forcible Rape, now known as Second Degree Rape, upon a known juvenile, the date of birth of 8-12 of '99. If the State of Louisiana were to proceed to trial in Count 2, the State would prove beyond a reasonable doubt, that on July 10th of 2015, within the Parish of Jefferson, the Defendant Antoine Green also violated Louisiana Revised Statute 14:60, and that he did commit Aggravated Burglary of a Residence, located at 88 Clifford Court in Waggaman, belonging to a known juvenile, date of birth 8-12 of '99.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929, pp. 3-4 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , supra , and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate *568 counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
In State v. Jyles , 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
ANALYSIS
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel provides that the trial court reviewed defendant's plea, went through a proper colloquy with him, and informed him of his sentencing exposure in the plea colloquy. Counsel indicates that the trial court sentenced defendant exactly as he had bargained for in his plea agreement. Appellate counsel further notes that she considered whether to raise the issue of defendant's competency to proceed to trial, but defendant made no objection to the trial court's ruling on competency to preserve this argument for appeal. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of her brief.
The State agrees with appellate counsel that there are no non-frivolous issues to be raised on appeal and urges that this Court should grant appellate counsel's motion to withdraw.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. First, the bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also *569 sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 463 - 466.
Second, as reflected by the minute entry and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, guilty plea, and sentencing. As such, we find that there are no appealable issues surrounding defendant's presence.
Third, defendant pled guilty in this case. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and review of such defects either by appeal or post-conviction relief is precluded. State v. Turner , 09-1079, p. 8 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered an unqualified guilty plea, and therefore, all non-jurisdictional defects are waived. Our review of the record reveals no constitutional infirmity or irregularities in defendant's guilty plea. With regard to defendant's sentence, it was imposed in accordance with the plea agreement. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore , 06-875, p. 14 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46, writ denied , 09-2046 (La. 8/18/10), 42 So.3d 394. In addition, defendant's sentence falls within the sentencing range set forth in the statute. Also, defendant was given a copy of the sex offender notification statutes and acknowledged receipt thereof.
Finally, no rulings were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976).
Because appellant counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, we affirm defendant's sentence and conviction and grant appellate counsel's motion to withdraw as attorney of record.
ERRORS PATENT
Pursuant to La. C.Cr.P. art. 920, this Court has reviewed the record for errors patent and found no errors that require correction. State v. Oliveaux , 312 So.2d 337 (La. 1975) ; State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990).
DECREE
For the foregoing reasons, we affirm defendant's convictions and sentences for forcible rape and aggravated burglary. We further grant appellate counsel's motion to withdraw as counsel of record for defendant.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).