LILJEBERG, J.
Defendant appeals his conviction and sentence for one count of simple burglary. For the following reasons, we affirm. We also grant appellate counsel's motion to withdraw as counsel of record.
PROCEDURAL HISTORY
Defendant, Kendall Turner, was charged by bill of information with one count of simple burglary of a 2013 Chevrolet Silverado, in violation of La. R.S. 14:62. He initially pleaded not guilty. Thereafter, defendant withdrew his not guilty plea, and after being advised of his Boykin[1] rights, pleaded guilty as charged.[2] In accordance with the plea agreement, defendant was sentenced to eight years imprisonment in the Department of Corrections, a five hundred dollar fine, court costs, and two hundred ninety-two dollars in restitution. The court suspended the fine, ordered defendant's sentence to run concurrently with his parole revocation, and recommended defendant for drug treatment and any self-help programs available in the Department of Corrections.
FACTS
Because defendant's conviction was the result of a guilty plea, the facts underlying the crime of conviction are not fully developed in the record. Thus, the facts were gleaned from the bill of information which alleged that on April 26, 2017, defendant violated La. R.S. 14:62"in that he did commit simple burglary of a 2013 Chevrolet Silverado belonging to Dane Goodwin," in Jefferson Parish.
ANDERS BRIEF
Pursuant to the procedure adopted by this Court in State v. Bradford , 95-929, pp. 3-4 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, under Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel *1280 requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , 96-2669, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 95-929, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
DISCUSSION
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She submits there were no pre-trial rulings which could arguably support an appeal nor did defendant reserve his right to appellate review of the denial of any such motions. Appellate counsel further avers that defendant entered an unqualified guilty plea to the charged offense after being advised of his constitutional rights. She indicates that defendant understood his rights and knowingly, intelligently, and voluntarily waived them. Appellate counsel avers that defendant was sentenced pursuant to the plea agreement, precluding him from challenging his sentence on appeal.
Appellate counsel has filed a motion to withdraw as attorney of record, in which she states that after a conscientious review of the trial court record, she can find no non-frivolous issues to raise on appeal. She indicates that defendant has been notified regarding the filing of her motion to withdraw, as well as his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief *1281 had been filed and that he had until September 1, 2018, to file a pro se supplemental brief. Defendant has not filed a pro se supplemental brief in this matter.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 464 - 466. The record also shows that there are no appealable issues surrounding defendant's presence. The minute entries reflect that defendant appeared at each stage of the proceedings against him, including his arraignment, guilty plea proceeding, and sentencing. Moreover, there were no pre-trial rulings on any motions in this case.[5] Thus, no rulings were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976).
Defendant pleaded guilty as charged to the bill of information. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional infirmity or any irregularity in defendant's guilty plea that would render it invalid. The record shows that defendant was aware he was pleading guilty to one count of simple burglary in violation of La. R.S. 14:62. On the waiver of rights form and during the guilty plea colloquy defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin , supra. Defendant was also informed of his right to an attorney and to have an attorney appointed if he could not afford one. Defendant placed his initials next to these rights and placed his signature at the end of the waiver of rights form indicating that he understood he was waiving these rights. He also affirmatively stated to the trial court during the colloquy that he understood that by pleading guilty he was waiving these rights.
Additionally, defendant was informed that his guilty plea could be used to enhance a penalty for any future conviction. Defendant indicated that he understood the possible legal consequences of pleading guilty and confirmed that he had not been forced, coerced, or intimidated into entering his guilty plea. Further, defendant was informed during the colloquy of the nature of the offense and the sentencing range for the offense. Defendant acknowledged that he was pleading guilty because he was guilty of the crime charged. After his colloquy with defendant, the trial judge accepted *1282 defendant's guilty plea as knowingly, intelligently, freely and voluntarily made.
Lastly, defendant's sentence of eight years imprisonment in the Department of Corrections is within the sentencing range prescribed by La. R.S. 14:62.[6] Further, defendant's sentence was imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion. Accordingly, we affirm defendant's conviction and sentence, and we grant appellate counsel's motion to withdraw as attorney of record.
ERRORS PATENT
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. In this case, our review revealed no errors requiring corrective action.
DECREE
For the foregoing reasons, we affirm defendant's conviction and sentence. We also grant appellate counsel's motion to withdraw as counsel of record.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Defendant also pleaded guilty to the misdemeanor charge of resisting arrest in violation of La. R.S. 14:108, which is not before this Court on appeal.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

In his pro se motion for appeal, defendant states that he was "aggrieved by the of [sic] his pre-trial Motion(s) to Suppress and finding of probable cause" and thus requested an order of appeal to this Court. However, the record does not indicate that a motion to suppress was ever filed and/or ruled upon, nor does it reflect that a probable cause hearing was requested and/or conducted.

La. R.S. 14:62 provides for a term of imprisonment, with or without hard labor, for not more than twelve years, a fine of not more than two thousand dollars, or both. Thus, defendant's sentence of eight years with the Department of Corrections and a suspended five hundred dollar fine was within the sentencing range prescribed by La. R.S. 14:62.