MARC E. JOHNSON, JUDGE
Defendant, Joshua Black, appeals his convictions and sentences for attempted possession of a firearm by a convicted felon and possession with intent to distribute marijuana. For the following reasons, we affirm Defendant's convictions and sentences, and we further grant appellate counsel's motion to withdraw as attorney of record for Defendant.
On October 2, 2017, the Jefferson Parish District Attorney filed a bill of information charging Defendant with one count of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one) and one count of possession with intent to distribute marijuana in violation of La. R.S. 40:966(A) (count two). Defendant pled not guilty at his arraignment.
Defendant filed motions to suppress his statement and the evidence, which were denied after a hearing on April 19, 2018. On May 15, 2018, the State amended count one of the bill of information to charge Defendant with attempted possession of a firearm by a convicted felon in violation of La. R.S. 14:27 and La. R.S. 14:95.1. Immediately following the amendment, Defendant withdrew his pleas of not guilty, and after being advised of his Boykin[1] rights, pled guilty as charged in the amended bill of information. In accordance with a plea agreement, the trial court sentenced Defendant to five years imprisonment at hard labor on each count to run concurrently. This appeal follows.
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for Defendant.
When conducting a review for compliance with Anders , an appellate court *1016 must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, Defendant's appellate counsel has complied with the procedures for filing an Anders brief. She details the procedural history of the case as well as the circumstances surrounding Defendant's guilty pleas and sentencing. She particularly notes that there were no pretrial rulings preserved for appeal, as Defendant did not plea under State v. Crosby , 338 So.2d 584 (La. 1976). Appellate counsel further sets forth that Defendant's guilty pleas were not constitutionally infirm because the trial court reviewed his pleas and conducted a proper colloquy with Defendant. Further, appellate counsel recognizes that Defendant was not coerced to enter the guilty pleas, and that the sentences were imposed in conformity with the plea agreement. Defendant's appellate counsel concludes that after a conscientious and thorough review of the trial court record, she can find no non-frivolous issues to raise on appeal and no ruling of the trial court that can be raised on appeal or that arguably supports an appeal. Therefore, she requests permission to withdraw as attorney of record for Defendant.[3]
This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that Defendant pled guilty as charged to the amended bill of information; therefore, he waived all non-jurisdictional defects in the proceedings leading up to the guilty plea and review of any such defects either by appeal or post-conviction relief is precluded. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Moreover, no pre-trial rulings were preserved for appeal under the holding in State v. Crosby , supra .
Additionally, the record reveals no constitutional infirmities or irregularities in Defendant's guilty pleas to the two charged offenses that would render them invalid. The transcript of the guilty plea proceeding and the acknowledgement and waiver of rights form collectively show that Defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin[4] rights - including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination - and that he understood he was waiving these rights by pleading guilty.
The record further reflects that Defendant was informed by the trial court of the sentencing range for both counts and of the actual sentences that would be imposed upon acceptance of his guilty pleas. Further, during the guilty plea colloquy and in the waiver of rights form, Defendant confirmed that he had not been forced, coerced, or intimidated into entering his guilty pleas. After her colloquy with Defendant, the trial judge accepted *1017 Defendant's guilty pleas as knowingly, intelligently, freely, and voluntarily made.
Further, Defendant's sentences were imposed in accordance with the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In addition, Defendant's sentences fall within the sentencing ranges set forth in the applicable statutes. See La. R.S. 14:27 ; La. R.S. 14:95.1(B) ; and La. R.S. 40:966(B)(2)(a).
Based on the foregoing, we find that Defendant's guilty pleas to the charged offenses and the sentences imposed pursuant to the plea agreement do not present any issues for appeal.
Lastly, we have reviewed the record for errors patent pursuant to La. C.Cr.P. art. 920 and find none that require corrective action.
DECREE
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm Defendant's convictions and sentences, and we grant appellate counsel's motion to withdraw as attorney of record for Defendant.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

In addition, Defendant was notified of his right to file a pro se brief in this appeal. As of the date of this opinion, Defendant has not filed a pro se brief.

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).