STATE OF LOUISIANA

VERSUS

MARIO FUENTES AKA MARIO VILLATORO

NO. 23-KA-351

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-3326, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

February 28, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED; MOTION TO WITHDRAW GRANTED**
    **JJM**
    **JGG**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA

    Honorable Paul D. Connick, Jr.

    Thomas J. Butler

    Andrea F. Long

    Zachary L. Grate

COUNSEL FOR DEFENDANT/APPELLANT,
MARIO FUENTES A/K/A MARIO VILLATORO

    Katherine M. Franks

**MOLAISON, J.**

The defendant/appellant, Mario Fuentes aka Mario Villatoro, has appealed his conviction and sentence for sexual battery. For the reasons that follow, the conviction and sentence are affirmed.

## PROCEDURAL HISTORY

On September 13, 2022, the Jefferson Parish District Attorney filed a bill of information charging the defendant with aggravated crime against nature in violation of La. R.S. 14:89.1(A)(2). The defendant pled not guilty at arraignment. On April 24, 2023, the State amended the bill to charge the defendant with sexual battery in violation of La. R.S. 14:43.1. That same day, the defendant withdrew his plea of not guilty and pled guilty to sexual battery. Following the trial court's acceptance of the defendant's plea, the defendant was sentenced to seven years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant was further ordered to register as a sex offender for fifteen years following his release.

At the request of the defendant, defense counsel filed a Motion for Out of Time Appeal on May 26, 2023. The trial judge granted the motion.

On appeal, the defendant's appointed counsel has filed an appellate brief pursuant to *Anders v. California*[1] and has further filed a motion to withdraw as counsel of record.

## FACTS

Because the defendant's conviction was the result of a guilty plea, the facts underlying the crime of conviction are not contained in the record. However, at the guilty plea proceeding, the State provided the following factual basis:

> Defendant, Mario Fuentes AKA Mario Villatoro, on May 14, 2022, in Jefferson Parish, did commit the acts constituting a sexual battery, the intentional touching of the annus [sic] or genitals of the

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

victim by the offender, directly as through clothing, without the consent of the victim; the initials GF, date of birth 10-13-2004. The offense taking place in Jefferson Parish.

## LAW AND DISCUSSION

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by "'a brief referring to anything in the record that might arguably support the appeal'" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection

---

[2]In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

[3] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines that there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

The defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She explains that the bill of information tracked the language of La. R.S. 14:89.1(A)(2) and that the bill was amended to charge sexual battery prior to the entry of the guilty plea. She notes that the defendant was present for all critical stages of the proceedings and that the record contains a signed form advising the defendant of his rights and of the consequences of the plea. Counsel states that the judge went over the form with the defendant and advised him of the sentence that would be imposed. She elaborates that the trial judge ascertained that there was a factual basis for the plea, that the defendant was entering the plea voluntarily, and that he was satisfied with the efforts of his counsel. Counsel provides that following the colloquy, the trial

judge accepted the plea as knowing and voluntary and sentenced the defendant as agreed to in the plea.

The State responds that appellate counsel sufficiently complied with the applicable requirements. It states that the brief indicates that counsel reviewed the record and found no non-frivolous issues to raise on appeal. The State contends that a review of the record reveals no non-frivolous issues that would support reversing the conviction or vacating the defendant's sentence. It provides that a review of the record reveals no irregularity or constitutional infirmity in the guilty plea that would render the plea invalid.

Appellate counsel has filed a motion to withdraw as attorney of record, stating that she made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support the appeal. She further indicates that the defendant was notified of her filing and advised of his right to file a *pro se* brief. Additionally, this Court sent the defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until September 6, 2023, to file a *pro se* supplemental brief. The defendant has not filed a brief in this court.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The bill of information identified the defendant and the crime charged, and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified the defendant and the crime charged. As reflected by the minute entries, the defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea proceeding, and sentencing. As such, the defendant's presence does not present any issues that would support an appeal.

Further, the defendant pled pursuant to the amended bill of information. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, the defendant entered an unqualified plea of guilty; consequently, all non-jurisdictional defects are waived.

Additionally, a review of the record reveals no irregularities in the defendant's guilty plea that would render the plea invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

The record reflects that there is no constitutional infirmity in the defendant's guilty plea. The transcript of the plea colloquy reflects that the defendant was aware that he was pleading guilty to sexual battery.[4] He indicated that he understood the nature of the crime to which he was pleading guilty. The defendant was properly advised of his *Boykin* rights. During the colloquy with the trial judge, the defendant was advised that by pleading guilty, he was waiving his rights to a trial by a judge or a jury, to be presumed innocent until the District Attorney proved his guilt beyond a reasonable doubt, to require the District Attorney to call witnesses who under oath would testify against him, and to call witnesses on his behalf who would testify in his favor. The judge also advised the defendant that he was giving up his right to remain silent and to not have his silence held against him

---

[4] The transcript indicates that two Spanish interpreters were sworn and participated in the plea colloquy and the sentencing.

as evidence of guilt, and to appeal any adverse verdict at trial. Additionally, on the waiver of rights form, the defendant initialed next to these rights and placed his signature at the end of the form indicating that he understood that he was waiving these rights by pleading guilty.

In addition, the defendant answered negatively when asked if he was suffering from any physical or mental impairments that would affect his ability to enter the guilty plea. As to his highest level of education, the defendant stated he attended college. The judge asked the defendant if he could read, write, and understand the plea form with the assistance of the interpreter, and the defendant answered affirmatively.

The defendant acknowledged that if he is convicted of a felony in the future, he could be multiple billed pursuant to La. R.S. 15:529.1, which would increase the penalty for that conviction, and agreed that his attorney explained the habitual offender law to him. After the defendant admitted that he was not a U.S. citizen, the judge said, "After speaking to your attorney, you know, and you fully understand, that if you're not a citizen of the United States, entering a plea of guilty or no contest, can have serious immigration consequences, including, but not limited to deportation." The defendant replied affirmatively. The defendant acknowledged that pleading guilty was a "knowing, intelligent, free and voluntary act" on his part, and he denied that any threats or promises were made to encourage him to plead guilty. He stated that he was satisfied with the way his attorney handled his case. The defendant stated he understood all of the possible legal consequences explained to him by his attorney and by the court and still wished to plead guilty. Further, the defendant acknowledged that by pleading guilty, he may be subject to additional consequences or waivers of constitutional rights, including the rights to vote, to bear arms, to due process, and to equal protection. He acknowledged that he understood that there could be potential

consequences of pleading guilty that could impact college admission and financial aid, public housing benefits, employment and licensing restrictions, and standard approval for probation or parole revocation. The judge accepted the guilty plea as knowingly, intelligently, freely, and voluntarily made.

During the colloquy, the defendant stated he understood that by pleading guilty, he was authorizing the judge to impose the maximum sentence without a trial, elaborating that he understood that the maximum sentence that could be imposed was ten years imprisonment at hard labor without the benefits of probation, parole, or suspension of sentence. He acknowledged that he would receive a sentence of seven years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. He further agreed that he understood that in accordance with La. R.S. 15:543, et seq., he must register as a sex offender for fifteen years from the date of his release from prison, from the date of his being placed on parole, supervised release, or probation, or from the date of his conviction, if he is not sentenced to a term of imprisonment, or jail. The signed waiver of rights form also reflects the maximum sentence,[5] the sentence to be imposed, and that the defendant must register as a sex offender for fifteen years from the date of his release. The defendant was also advised by the judge during the colloquy as well as by means of the form that he would "be assessed the sum of $45 in accordance with La. R.S. 15:168."[6] However, when the trial judge actually imposed the sentence, he did not state that the fee was imposed.[7]

La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Washington*, 05-211 (La. App. 5 Cir.

---

[5] La. R.S. 14:43.1 does not provide a minimum sentence unless certain factors that are inapplicable here are present.

[6] La. R.S. 15:168 pertains to the judicial district indigent defender fund.

[7] The sentencing transcript, sentencing minute entry, and uniform commitment order (UCO) do not reflect imposition of such a fee. The record does not contain a form addressing fines and fees.

10/6/05), 916 So.2d 1171, 1173. In this case, the defendant's sentence was imposed in accordance with the terms of the plea agreement. Further, his sentence falls within the sentencing range set forth in the statute. *See* La. R.S. 14:43.1. Additionally, the plea agreement was beneficial to the defendant in that his charge was reduced from aggravated crime against nature in violation of La. R.S. 14:89.1(A)(2), where he faced a sentencing range of a fine up to fifty thousand dollars, or imprisonment, with or without hard labor, for a term not less than five years nor more than twenty years, or both. Further, the defendant was not sentenced to the maximum statutory sentence for the amended charge.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.

## ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920;[8] *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). The review reveals no errors patent in this case.

## CONCLUSION

For the foregoing reasons, the defendant's conviction and sentence are affirmed.

**AFFIRMED; MOTION TO WITHDRAW GRANTED**

---

[8] La. C.Cr.P. art. 920(2) states that an error patent is "[a]n error that is discoverable by an inspection of the pleadings and proceedings and without inspection of the evidence."

23-KA-351                                              8

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 28, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-351

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)      THOMAS J. BUTLER (APPELLEE)      KATHERINE M. FRANKS (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
ZACHARY L. GRATE (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053